# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8515 | **DATE** | 7/2/2004 |
| **CASE TITLE** | Directv, Inc. vs. Rosario | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, defendant's motion to dismiss Counts I and II is denied and motion to dismiss Count III is granted. Count III is dismissed. Status hearing is set for 8/26/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 2 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | JUL 6 2004 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | 2004 JUL -2 PM 4:43 | 7/2/2004 date mailed notice |
| MD | courtroom deputy's initials | FILED-EOD Date/time received in central Clerk's Office | MD mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DIRECTV, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 03 C 8515 |
| | ) Judge Joan Humphrey Lefkow |
| JAIME ROSARIO, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Directv, Inc. ("Directv"), a direct broadcast satellite television system, has filed a five-count complaint against defendant, Jaime Rosario ("Rosario"), for allegedly purchasing by mail and possessing and/or using equipment capable of receiving and decrypting Directv's satellite broadcast signal without permission from or payment to Directv. Count I alleges that Rosario violated provisions of the Cable Communications Policy Act, 47 U.S.C. § 605. Count II alleges that Rosario violated provisions of 18 U.S.C. § 2511 and is brought under 18 U.S.C. § 2520. Count III alleges that Rosario violated provisions of 18 U.S.C. § 2512 and is brought under 18 U.S.C. § 2520. Rosario now moves to dismiss Counts I-III.[1] For the reasons stated below, the court denies the motion as to Counts I and II and grants it as to Count III.



---

[1] Rosario's motion contains language suggesting that he is moving to dismiss the Complaint in its entirety. However, the motion only discusses Counts I-III. Thus, the court will only consider the motion as to those three counts.

1

**Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in favor of the plaintiff. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999); *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th Cir. 1996).

**Discussion**

1. Counts I and II

Rosario's only argument in support of his motion to dismiss Counts I and II is that Directv has "failed to provide any evidence to support a cause of action against this Defendant . . . ." Rosario clearly misunderstands the 12(b)(6) standards set forth above. The issue on 12(b)(6) motion to dismiss is not whether the plaintiff has offered evidence to support a cause of action, but "whether the plaintiff is entitled to offer evidence to support his claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). At this stage, Directv only needs to provide "a short plain statement showing the plaintiff is entitled to relief, the purpose of which is to give the defendant notice of the claims and the grounds they rest upon." *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753

(7th Cit. 2002). Dismissal is appropriate only if it is clear on the face of the complaint that the plaintiff *can prove no set of facts* in support of his claim. *Conley*, 355 U.S. at 45-46.

There is no question that Directv has stated a claim in Counts I and II. Count I alleges that Rosario violated § 605(a) of the Cable Communications Policy Act by installing and using a "pirate access device" to intercept, receive, and exhibit satellite programming from Directv. Section 605(a) explicitly prohibits surreptitious interception of any encrypted satellite signal, whether the individual receives the signal directly by satellite or through a cable operator and whether the piracy is for private or commercial use. *United States* v. *Harrell*, 983 F.2d 36 (5th Cir. 1993). When a violation of § 605(a) has occurred, § 605(e)(3) grants a private right of action to the aggrieved person or entity. *International Cablevision, Inc.* v. *Sykes*, 997 F.2d 998, 1007 (2nd Cir. 1993). Thus, Directv has stated a claim for a violation of § 605(a).

Count II alleges that Rosario violated provisions of 18 U.S.C. § 2511 by knowingly possessing a device to unlawfully intercept satellite signals and by using the device to unlawfully intercept satellite signals. Such activity is explicitly prohibited by 18 U.S.C. § 2511. 18 U.S.C. § 2520 expressly provides for a private cause of action for violations of § 2511. Thus, Directv has stated a claim for a violation of § 2511.

2. Count III

Count III seeks to recover damages for alleged violations of 18 U.S.C. § 2512(1)(b). This section provides that a person commits a federal crime if he intentionally

> manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reasons to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications . . . ."

Directv also alleges in Count II that Rosario actually intercepted Directv's communications in violation of 18 U.S.C. § 2511. Accordingly, Count III constitutes an independent cause of action only if Directv can recover for the defendant's mere possession (or manufacture, possession or sale) of a prohibited device, without proof that the defendant participated in actual interception, disclosure, or use of an electronic communication. *See Directv* v. *Beecher*, 296 F. Supp. 2d 937, 940 (S.D. Ind. 2003).

Section 2512 is a criminal statute and by itself does not allow a private party to recover damages for behavior that violates its terms. To support its claim for civil remedies on both Count II and Count III, Directv relies on 18 U.S.C. § 2520(a), which provides, in pertinent part, that

> [A]ny person whose . . . electronic communication is intercepted, disclosed, or intentionally, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

In his motion to dismiss Count III, defendant contends that § 2520(a) does not provide a private right of action for violations of § 2512. The court agrees. In *Flowers* v. *Tandy Corp.*, 773 F.2d 585 (4th Cir. 1985), the Fourth Circuit held that § 2520(a) "expressly limits those against whom private action lies to the person who 'intercepts, discloses, or uses . . . such communication.'" *Id.* at 588. The court reasoned that a broad construction of § 2520(a) would support a civil action against those who violate § 2512 (manufacture, assembly, possession, or sale of a prohibited device) but who do not actually intercept electronic communications in violation of § 2511. *Id.* at 589. The court held that the plain language of the

4

§ 2520(a) did not support such an outcome and, thus, held that § 2520(a) does not provide a private cause of action for violations of § 2512. *Id.*

Directv argues that § 2520 provides a private cause of action for any "violation of this chapter," which includes § 2512. Directv seeks support for this view in *Oceanic Cablevision, Inc. v. M.D. Elec.*, 771 F. Supp. 1019 (D. Neb. 1991). In *Oceanic*, the court was faced with a 12(b)(6) challenge to two counts of a complaint against a distributor of cable descramblers: one premised on § 2511 and another premised on § 2512. In its analysis of the viability of the § 2511 count, the court concluded that the plaintiff had not stated a cognizable claim because the distributor was not alleged to have engaged in any of the activities listed in § 2520–interception, disclosure, or use. *Id.* at 1027-28.

The *Oceanic* court questioned the continued vitality of *Flowers*, noting that it was decided at a time when § 2520 contained language that directly mirrored the activities listed in § 2511, including procurement of another to intercept, disclose, or use another's communication. *Id.* at 1027. Subsequent to the decision in *Flowers*, Congress amended § 2520 to eliminate any mention of civil liability based on procuring interception, disclosure, or use. The *Oceanic* court attempted to capture the different situations by stating, "Clearly, § 2520 only confers a private cause of action upon persons when the action is brought against parties that have violated the provisions of §§ 2510-2521." *Id.* The court ignored the fact that this statement is not accurate even in the limited context of § 2511 actions. The removal of the reference to procuring another person to intercept, disclose, or use another's communication from § 2520 was not accompanied by a removal of analogous language from § 2511; a person who procures another to perform the acts prohibited by § 2511 still faces criminal liability, even though the possibility of civil liability

5

has clearly been eliminated. *Directv, Inc.* v. *Delaney*, No. 03 C 3444, at 6 (N.D. Ill. Nov. 20, 2003).

However, the *Oceanic* court, in its subsequent discussion of a private right of action under § 2512, took its preceding statement at face value. The court's examination is limited solely to the issue of whether the sale of cable descramblers, as opposed to some other device more directly associated with wiretapping, constituted a violation of § 2512. The court concluded that because a cable descrambler could be a device whose design "renders it primarily useful for the purpose of surreptitious interception of wire, oral, or electronic communications," there must be a private right of action under § 2520 for violations of § 2512. *Id.* at 1028-29. The court reached this conclusion without any further analysis of whether such a sale was equivalent to an interception, disclosure, or intentional use of a communication in violation of the statute. *Delaney*, No. 03 C 3444, at 6-7.

Later courts have followed in *Oceanic*'s footsteps, relying on the erroneous statement in that opinion that a violation of any of the provisions of the Wiretap Act allow for the potential of civil recovery under § 2520. *See Directv* v. *EQ Stuff, Inc.*, 207 F. Supp 1077, 1084 (C.D. Cal. 2002); *Directv, Inc.* v. *Gatsiolis*, No. 03 C 3534, 2003 WL 22111097, at *4 (Sept. 10, 2003)(Coar, J.). This conclusion is contrary to the plain language of the statute. Section 2520(a) authorizes relief only for a person "whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." Thus, the private right of action attaches only after the fact of interception, disclosure or use in violation of the Wiretap Act. *Delaney*, No. 03 C 3444, at 7. After this initial act is complete, the aggrieved party may pursue civil remedies against the person who "engaged in that violation." As a matter of grammar and

6

sentence structure, the phrase "that violation" must refer to the interception, disclosure, or intentional use of a communication in violation of this chapter referred to earlier in the sentence. *Directv v. Beecher, Directv v. Beecher*, 296 F. Supp. 2d 937, 940 (S.D. Ind. 2003). Section 2512 criminalizes only the production, sale, or possession of devices whose primary purpose is to perform the interception. These acts occur separate and apart from any actual interception, and persons who engage in them may not engage in violations cited in § 2520—interception, disclosure, or use prohibited by the Wiretap Act. *Delaney*, No. 03 C 3444, at 7-8. Thus, this court finds that § 2520 does not confer a private right of action for violations of § 2512.

## Conclusion

For the reasons stated above, the court denies Rosario's motion to dismiss counts I and II and grants his motion to dismiss Count III. Count III is dismissed.

ENTER:

_____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: July 2, 2004